
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **DAVID WAYNE MCCRACKEN** | § | Case No. 03-44802 |
| xxx-xx-5435 | § | |
| | § | |
| Debtor | § | Chapter 7 |

| | | |
|---|---|---|
| DIANNA TACKETT | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adversary No. 14-4100 |
| | § | |
| DAVID WAYNE MCCRACKEN | § | |
| | § | |
| Defendant | § | |

## **MEMORANDUM OF DECISION**[1]

ON THIS DATE the Court considered the Motion for Summary Judgment (the "Motion") filed by the Plaintiff, Dianna Tackett (the "Plaintiff"), in the above-referenced adversary proceeding, the response in opposition filed by the Defendant, David Wayne McCracken (the "Defendant" or "Debtor"), and the Plaintiff's Reply. The Plaintiff's Motion seeks a summary judgment on the determination of whether: (1) a judgment debt owed to her by the Debtor is excepted from discharge pursuant to 11 U.S.C. §523(a)(5); and (2) she is entitled to an award of attorney's fees and expenses incurred in bringing

---

[1] This Memorandum of Decision is not designated for publication and shall not be considered as precedent, except under the respective doctrines of claim preclusion, issue preclusion, the law of the case or other evidentiary doctrines applicable to the specific parties in this proceeding.

this adversary proceeding. Upon due consideration of the pleadings, the proper summary judgment evidence submitted by the parties, and the relevant legal authorities, the Court concludes that the Plaintiff has demonstrated that there is no genuine issue as to any material fact and that she is entitled to judgment as a matter of law that the debt owed to her by the Debtor-Defendant, arising from the order issued by the 380th Judicial District Court in and for Collin County, Texas, is nondischargeable under §523(a)(5) of the Bankruptcy Code. The Plaintiff's request for an award of attorney's fees incurred in this adversary proceeding shall be denied. Thus, the Plaintiff's Motion for Summary Judgment shall be granted in part and denied in part.[2]

**Factual and Procedural Background**[3]

The Plaintiff, Dianna Tackett (formerly Dianna McCracken), and the Debtor-Defendant, David Wayne McCracken, were divorced by entry of an Agreed Final Decree of Divorce on November 29, 2000 (the "Divorce Decree"), issued by the 380th Judicial District Court in and for Collin County, Texas (the "Family Court") under cause no. 380-

---

[2] This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334. This Court has authority to enter a final judgment in this adversary proceeding since it statutorily constitutes a core proceeding as contemplated by 28 U.S.C. §157(b)(2)(I) and meets all constitutional standards for the proper exercise of full judicial power by this Court.

[3] The facts presented are those which stand uncontested by and among the parties and are presented only as a general factual background to the legal claims asserted in the case. This section is not intended to resolve any disputed or contested facts.

50858-00 (the "Family Law Case").[4] During their marriage, the Plaintiff and Defendant had one child. The Divorce Decree detailed the division of the marital property and outlined the rights and duties of each parent as a joint managing conservator of the one child of the marriage. Among those provisions, the Divorce Decree ordered that the Plaintiff "shall have the exclusive right to establish the child's primary residence within Collin County or any contiguous counties,"[5] and the Defendant "is obligated to pay and shall pay . . . child support of $1,200 per month"[6] to the Plaintiff.

On October 15, 2003, Defendant filed a voluntary petition under Chapter 13 of the Bankruptcy Code. His Chapter 13 plan was confirmed in August 2004 and the Debtor operated under the terms of that confirmed plan until July 11, 2006 when the Debtor voluntarily converted his case to a case under Chapter 7. The Court granted a discharge under Chapter 7 to the Defendant on October 5, 2006.

During the Chapter 13 phase of his bankruptcy case, on July 22, 2005, the Debtor-Defendant sued the Plaintiff in the Family Court to modify the parent-child relationship previously established in the Divorce Decree, seeking to be appointed as the sole managing conservator of the parties' minor son.[7] The Family Court heard this case in November 2005 and subsequently issued its "Order In Suit to Modify Parent-Child

---

[4] Ex. A to Plaintiff's Motion.

[5] *Id*. at page 5.

[6] *Id*. at page 15.

[7] Ex. B to Plaintiff's Motion.

Relationship" (the "2006 SAPCR Order") on January 6, 2006.[8] In denying all relief sought by the Debtor-Defendant, the Family Court also issued the following affirmative relief in the 2006 SAPCR Order:

> *Attorney's Fees*
> IT IS ORDERED that good cause exists to award DIANNA MCCRACKEN a judgment against DAVID MCCRACKEN in the amount of $24,000.00 for attorney's fees incurred by DIANNA MCCRACKEN in this matter, with interest at six percent (6%) per year compounded annually from the date this Order is signed until paid in full. IT IS FURTHER ORDERED that the judgment, for which it is ORDERED that execution of all writs and processes necessary to be issued is awarded to DIANNA MCCRACKEN, Respondent, against DAVID MCCRACKEN, Petitioner. IT IS FURTHER ORDERED that DAVID MCCRACKEN, Petitioner, is ORDERED to pay this judgment directly to DIANNA MCCRACKEN . . . IT IS FURTHER ORDERED that DIANNA MCCRACKEN may enforce this judgment for attorney's fees by any means available for enforcement of a judgment for debt.
>
> *Costs*
> IT IS ORDERED that good cause exists to award DIANNA MCCRACKEN a judgment against DAVID MCCRACKEN in the amount of $830.00 for legal costs incurred by DIANNA MCCRACKEN in this matter, with interest at six percent (6%) per year compounded annually from the date this Order is signed until paid in full. IT IS FURTHER ORDERED that the judgment, for which it is ORDERED that execution of all writs and processes necessary to be issued is awarded to DIANNA MCCRACKEN, Respondent, against DAVID MCCRACKEN, Petitioner. IT IS FURTHER

---

[8] A court order that provides for the conservatorship, support, or possession of and access to a child may be modified by filing a suit for such modification in the court with continuing, exclusive jurisdiction. See 6 TEX. FAM. CODE ANN. §156.001, *et seq.* (Vernon 2014).

> ORDERED that DAVID MCCRACKEN, Petitioner, is ORDERED to pay this judgment directly to DIANNA MCCRACKEN . . . IT IS FURTHER ORDERED that DIANNA MCCRACKEN may enforce this judgment for attorney's fees by any means available for enforcement of a judgment for debt.[9]

It is undisputed that the 2006 SAPCR Order became a final order in the Family Law Case.

Almost nine years later, the Plaintiff initiated this adversary proceeding.[10] In her Motion for Summary Judgment, the Plaintiff asserts that there are no genuine issues of material fact and that, under such uncontested facts, she is entitled to a determination that (1) the debt owed to her by the Debtor-Defendant arising from the entry of the 2006 SAPCR Order is nondischargeable under §523(a)(5), and (2) the attorney's fees and expenses that she has incurred in bringing the current complaint should be awarded and included in the nondischargeability determination. The Debtor-Defendant filed a response in opposition to the motion in which he tacitly admits that there are no genuine issues of material fact but, on the basis of such admitted material facts,[11] he asserts that

---

[9] Plaintiff's Ex. C, attached to Plaintiff's Motion.

[10] There is no deadline by which a creditor must seek a determination that the debt owed to her is excepted from discharge by §523(a)(5). *In re Walls*, 496 B.R. 818, 826 (Bankr. N.D. Miss. 2013); *Eric D. Fein, P.C. & Assoc. v. Young (In re Young)*, 425 B.R. 811, 817 (Bankr. E.D. Tex. 2010); *Hutchison v. Birmingham (In re Hutchison)*, 270 B.R. 429, 435 (Bankr. E.D. Mich. 2001).

[11] Thus, in the absence of any summary judgment evidence from the Defendant that controverts any of the facts established under the summary judgment evidence tendered by the Plaintiff, those material facts are established pursuant to Local District Court Rule CV-56, which is incorporated into all bankruptcy adversary proceedings in this Court by LBR 7056(d). Subsection (c) of that rule provides as follows:

the debt arising from the 2006 SAPCR Order is dischargeable because it is not in the nature of support and that none of the asserted fees incurred by the Plaintiff in this adversary proceeding can be properly awarded.[12] Upon the submission of a reply by the Plaintiff to the Defendant's response,[13] the Court took the matter under advisement.

## Discussion

*Summary Judgment Standard*

The Plaintiff brings her Motion for Summary Judgment in this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7056. That rule incorporates Federal Rule of Civil Procedure 56, which provides that summary judgment shall be rendered if the movant "show[s] that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56).

Any party seeking summary judgment always bears the "initial responsibility of informing the . . . court of the basis for its motion." *Id.* at 323. As a movant, a party

---

> (c) In resolving the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the response filed in opposition to the motion, as supported by proper summary judgment evidence. The court will not scour the record in an attempt to determine whether the record contains an undesignated genuine issue of material fact for trial before entering summary judgment.

[12] See dkt #9.

[13] See dkt #10.

-6-

asserting that a fact cannot be genuinely disputed must support that assertion by:

>   (A)   citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
>   (B)   showing that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c). "An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended or a sham." *Bazan ex. rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) (emphasis in original). "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009).

The manner in which the necessary summary judgment showing can be made depends upon which party will bear the burden of persuasion at trial. As the plaintiff seeking a determination regarding the dischargeability of the 2006 SAPCR Order debts and her entitlement to attorney's fees and expenses in this adversary proceeding, the Plaintiff bears the ultimate burden of proof at trial regarding her claims. As the party carrying the burden of persuasion at trial, the Plaintiff "must support [her] motion with credible evidence–using any of the materials specified in Rule 56(c)–that would entitle [her] to a directed verdict if not controverted at trial." *Celotex*, 477 U.S. at 331 (Brennan, J., dissenting); *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991).

If the summary judgment motion is supported by a *prima facie* showing that the moving party is entitled to judgment as a matter of law, a party opposing that motion may not rest upon the mere allegations or denials in its pleadings, but rather must demonstrate in specific responsive pleadings the existence of specific facts constituting a genuine issue of material fact for which a trial is necessary. *Celotex*, 477 U.S. at 324. In so demonstrating, the non-movant must show more than a "mere disagreement" between the parties, *Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1413 (5th Cir. 1993), or that there is merely "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Neither are unsubstantiated, conclusory assertions in the response sufficient to raise a genuine issue of material fact. *Jacobs v. City of Port Neches,* 7 F. Supp.2d 829, 833 (E.D. Tex. 1998) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). However, "the issue of material fact" which must "be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

The record presented is reviewed in the light most favorable to the non-moving party. *Matsushita,* 475 U.S. at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Id.* at 587. Further, "[o]nly disputes over facts that might affect the outcome of the suit

under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

*Applicable Law*

The threshold issue regarding the dischargeability of a debt is whether the claim is even subject to a discharge order issued in a Chapter 7 proceeding. The debt at issue arose in the Chapter 13 phase of the Debtor's bankruptcy case, but prior to the voluntary conversion of his case to Chapter 7. As a result, though the debt clearly arose in the post-petition period, it is nevertheless subject to the Chapter 7 discharge granted to the Debtor due to the unique effect imposed by §348(d) of the Bankruptcy Code.[14] "Where conduct occurs after the petition date, but before conversion to chapter 7, courts have recognized that the claim is still subject to a dischargeability determination because, pursuant to section 348(d), a claim arising out of post-petition, pre-conversion conduct is treated as if it arose pre-petition." *Ruma v. Kehaias (In re Kehaias)*, 2013 WL 6899397, at *7 (Bankr. D.N.H., Dec. 31, 2013). Accordingly, "[t]he effect of section 348(d) is to include post-petition, pre-conversion debts within the category of dischargeable debts." *Id*. at *8. Thus, the Plaintiff is properly recognized as a "creditor"[15] of the bankruptcy estate and

---

[14] 11 U.S.C. §348(d) provides that:

> (d) A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112, 1208, or 1307 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition.

[15] 11 U.S.C. §101(10), in relevant part, provides that:

may properly bring a complaint before this Court for a determination of dischargeability of the indebtedness owed to her by the Debtor.[16]

As a debt arising in a family law context, the Plaintiff brings her dischargeability complaint under 11 U.S.C. §523(a)(5); however, the current version of that statute is inapplicable to the current conflict. Though the passage of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") in 2005 significantly broadened, the scope of debts, particularly in the family law area, that are potentially excepted from discharge in a bankruptcy case, its adoption was not retroactive. Thus, this proceeding is governed by pre-BAPCPA law since the Debtor-Defendant filed his bankruptcy case in 2003 — prior to the October 17, 2005 effective date of BAPCPA.[17] *Faulkner v. Kornman (In re The Heritage Organization, LLC)*, 2012 WL 478178, at *1-2 (Bankr. N.D. Tex., Feb. 14, 2012) [BAPCPA provision inapplicable due to filing date of bankruptcy case, even though adversary proceeding initiated after such effective date]; *see also*, *Kekauoha-Alisa v. Ameriquest Mtg. Co., (In re Kekauoha-Alisa)*, 2013 WL 827738, at *1 (Bankr. D. Haw., Mar. 6, 2013); and *In re Skeen,* 359 B.R. 593, 598 (Bankr. W.D. Va. 2006).

As a result, § 523(a)(5) of the Bankruptcy Code, as it existed in 2003, prior to the

---

    The term "creditor" means —

        (B) [an] entity that has a claim against the estate of a kind specified in section 348(d) . . . of this title.

[16] *See supra* note 10.

[17] See BAPCPA, Pub. L. No. 109-8, §1501, 119 Stat. 23, 216 (2005).

adoption of BAPCPA, governs the determination of this case. It provided an exception to discharge for any debt:

> to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that ----
>
> . . .
>
> > (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

11 U.S.C.A. §523(a)(5) (West 2002).

As the Fifth Circuit noted in the pre-BAPCPA era,[18] the question of whether a debt arising as a result of a family law agreement is truly in the nature of support is a matter of federal bankruptcy law, not state law. *Biggs v. Biggs (In re Biggs)*, 907 F.2d 503, 504 (5th Cir. 1990). Because parties and state courts do not necessarily label obligations with federal bankruptcy standards in mind, "[b]ankruptcy courts must therefore look beyond the labels which state courts – and even the parties themselves – give obligations which debtors seek to have discharged." *Dennis v. Dennis (In re Dennis)*, 25 F.3d 274, 277 (5th Cir. 1994), *cert. denied*, 513 U.S. 1081 (1995). Thus, it is critical to "place substance

---

[18] The analysis set forth in this pre-BAPCPA line of cases remains viable today to interpret the scope of a "domestic support obligation" under 11 U.S.C. §101(14A). *See, e.g., In re Beacham*, 520 B.R. 561, 564 (Bankr. S.D. Tex. 2014); *Hutton v. Ferguson (In re Hutton)*, 463 B.R. 819, 828 (Bankr. W.D. Tex. 2011).

over form to determine the true nature and purpose of the award, regardless of the label used." *Joseph v. J. Huey O'Toole P.C. (In re Joseph)*, 16 F.3d 86, 88 (5th Cir. 1994).

The attorney's fees and costs awarded to the Plaintiff in the 2006 SAPCR Order arose in connection with a custody modification action. See 6 TEX. FAM. CODE ANN. §156.001, *et seq*. (Vernon 2014). As Judge Marvin Isgur recently observed,

> The Fifth Circuit has repeatedly held that a court ordered obligation to pay attorneys' fees charged by an attorney that represents a child's parent in a child custody dispute is nondischargeable in a debtor's bankruptcy proceeding. *Rogers v. Morin (In re Rogers)*, 189 F. App'x 299, 302 (5th Cir. 2006)(citing *Dvorak v. Carlson (In re Dvorak)*, 986 F.2d 940, 941 (5th Cir. 1993) and *Hudson v. Raggio & Raggio, Inc. (In re Hudson)*, 107 F.3d 355, 357 (5th Cir. 1997)).

*Beachum*, 520 B.R. at 564-65. This long line of authority in this circuit recognizes that "[a]ttorney fees awarded in connection with a child custody dispute are for the benefit of the parties' children, as the purpose of such a proceeding is to determine who can provide the best home and environment for the children at issue." *Sonntag v. Prax (In re Sonntag)*, 115 F. App'x 680, 682 (5th Cir. 2004).

The Defendant's contention that the 2006 SAPCR Order is too ambiguous to determine whether the awarded fees and costs should be nondischargeable under the foregoing authorities is specious. The legal proceeding that precipitated the award of fees and costs was the Defendant's Petition to Modify the Parent Child Relationship[19]

---

[19] Ex. B to Plaintiff's Motion. The language of the Defendant's Petition states: "The retention of the Mother as Joint Managing Conservator would be injurious to the welfare of the child. The

That petition sought to dissolve the existing joint managing conservator relationship established by the Divorce Decree and to establish "the Father [Defendant] as Sole Managing Conservator."[20] After a two-day trial, the Family Court issued the 2006 SAPCR Order that rejected the Defendant's proposed change in the conservatorship of the child, and the contentions upon which it was based, and further granted affirmative relief to the Plaintiff and against the Defendant ". . . in the amount of $24,000.00 for attorney's fees incurred" and "$830.00 for legal costs incurred by DIANNA MCCRACKEN."[21] Notwithstanding the lack of any specific reference to the "best interests of the child" in the 2006 SAPCR Order, its intent and effect are clear. The child's best interests were served by the continuation of the existing parental conservatorship. Accordingly, the entry of summary judgment that the debt owed by the Defendant to the Plaintiff under the 2006 SAPCR Order is nondischargeable under the applicable version of 11 U.S.C. §523(a)(5) is appropriate.

*Attorney's Fees and Expenses in Bringing this Adversary Proceeding*

The Plaintiff also seeks summary judgment for recovery of reasonable attorney's fees and expenses incurred in the prosecution of this adversary proceeding,[22] plus

---

appointment of the Father as Sole Managing Conservator would be a positive improvement for the child." *Id.*, at page 2.

[20] *Id.*

[21] Ex. C to Plaintiff's Motion.

[22] Ex. 2 to Plaintiff's Reply.

contingent awards for various levels of appellate review.[23]  This request is supported by the affidavit of Subvet D. West.[24]  Nevertheless, the Plaintiff has failed to provide summary judgment evidence or relevant case law supporting her entitlement to an award of attorney's fees for legal services rendered or expenses incurred in this adversary proceeding.

In federal court, the American Rule prohibits awards of counsel fees to a prevailing party absent statutory authority, contractual authorization, or special circumstances.  *Asarco, L.L.C. v. Baker Botts, L.L.P. (In re ASARCO, L.L.C.)*, 751 F.3d 291, 301 (5th Cir.) *cert. granted sub nom. Baker Botts, L.L.P. v. ASARCO, L.L.C.*, 135 S. Ct. 44, 189 L. Ed. 2d 897 (2014) (internal quotations omitted).  This is applicable to bankruptcy litigation.  *Cadle Co. v. Martinez (In re Martinez)*, 416 F.3d 1286, 1287 (11th Cir. 2005); *Gugino v. Clark's Crystal Springs Ranch, LLC (In re Clark)*, 525 B.R. 107, 130 (Bankr. D. Idaho 2014).  [I]n adherence to that so-called 'American Rule,' "attorneys' fees are not taxable as costs or recoverable as damages in an adversary proceeding unless such fees are authorized by statute or through an enforceable contract between the parties." *First United Bank & Trust Co. v. Buescher (In re Buescher)*, 491 B.R. 419, 439 (Bankr. E.D. Tex. 2013).  In this adversary proceeding, there is no contract between the parties that entitles the Plaintiff to a recovery of attorney's fees.[25]  Nor does the Plaintiff

---

[23] Ex. A to Plaintiff's Reply.

[24] *Id*.

[25] Contrary to the Plaintiff's contention, the indemnification provision contained in the Divorce Decree cannot serve as a substitute therefor.  That provision declares that the Defendant "shall indemnify

cite to any proper statutory authority that would authorize her to obtain a recovery of attorney's fees and expenses for the services pertaining to the presentation of an adversary complaint seeking a determination of dischargeability. While statutory attorney's fees under state law are proper to award in dischargeability litigation when that litigation also seeks the establishment of liability of a debtor-defendant under that state statutory scheme, *Cohen v. de la Cruz,* 523 U.S. 213, 221 (1998); *Synergeering Group, LLC v. Jonatzke (In re Jonatzke)*, 478 B.R. 846, 869-70 (Bankr. E.D. Mich. 2012),[26] *"Cohen* did not create a common law basis for awarding attorney fees or otherwise overrule or alter how the American Rule is applied by federal courts." *Dancor Constr. Co. v. Haskell (In re Haskell)*, 475 B.R. 911, 923 (Bankr. C.D. Ill. 2012) (*citing Clark & Gregory, Inc. v. Hanson (In re Hanson),* 225 B.R. 366 (Bankr. W.D. Mich. 1998)); *Headrick v. Atchison* (*In re Atchison),* 255 B.R. 790 (Bankr. M.D. Fla. 2000) ["[I]t is clear that *Cohen* does not itself create an independent right to attorney's fees for the benefit of a party who prevails in a Section 523 dischargeability proceeding."]. Thus,

---

and hold the wife and her property harmless from . . . [a]ny and all debts, charges, liabilities, and other obligations incurred solely by the husband from and after January 29, 2000." See Ex. A to Plaintiff's Motion at pp. 26-27. That indemnity clause applies to liabilities owing to third parties — not arising independently against each other — and is properly characterized as an agreement to indemnify against liability, rather than damages, which cannot be considered as mature until the indemnitee's liability becomes fixed and certain. See *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 208 (Tex. 1999). Further, the obligation cannot be fairly characterized as a "debt incurred solely by the [Defendant]" since the liability for the attorney's fees was initially incurred by the Plaintiff.

[26] The *Jonatzke* court observed: "Thus, if a bankruptcy court liquidates a claim and also determines its dischargeability under the Bankruptcy Code, the liquidated claim may include an attorney's fee component only if the contract or a statute provides for such an award." *Jonatzke*, 478 B.R. at 869-70 (citing *Headrick v. Atchison (In re Atchison)*, 255 B.R. 790, 792 (Bankr. M.D. Fla. 2000)).

while state statutory law allowing for an award of attorney's fees may have been previously invoked in a pre-petition action in state court that established the liability of a debtor-defendant for a debt,[27] there is simply no statutory vehicle by which attorney's fees subsequently incurred by such a creditor in a bankruptcy adversary proceeding to render that debt nondischargeable can be assessed against a debtor-defendant. *Renfrow v. Draper (In re Draper)*, 232 F.3d 688, 696 (9th Cir. 2000); *Jonatzke,* 478 B.R. at 869; *Adamovic v. Lazarevic (In re Lazarevic)*, 2013 WL 3934010 at *35 (Bankr. E.D. Tenn., July 29, 2013). Without a contractual provision or applicable statutory authority,[28] the American Rule applies. Accordingly, the Plaintiff's Motion for Summary Judgment regarding an award of additional attorney's fees shall be denied. However, the Plaintiff's recovery of the $260.00 filing fee for reopening the main bankruptcy case[29] and the cost of $350.00 required for the filing of the adversary complaint is proper under 28 U.S.C. §1920.

---

[27] An example is the utilization of §106.002 of the Texas Family Code in this case which provides for a recovery of attorney's fees necessarily incurred by a party in a suit affecting the parent-child relationship.

[28] The only statutory authorization under Title 11 for an award of attorneys' fees in a dischargeability proceeding is found in 11 U.S.C. § 523(d), which gives a prevailing *debtor* a right to attorneys' fees in certain specified cases.

[29] Though it is doubtful that the reopening of the main bankruptcy case was actually required in this instance, *see, e.g., Menk v. LaPaglia (In re Menk),* 241 B.R. 896, 910-11 (B.A.P. 9th Cir. 1999) [reopening of main case was "permissible and innocuous," though not a jurisdictional prerequisite]; *Goldstein v. Diamond (In re Diamond)*, 509 B.R. 219, 222 (B.A.P. 8th Cir. 2014), the Plaintiff sought the reopening of the main case, the Debtor-Defendant opposed it, and the Plaintiff prevailed at a contested hearing before Chief Judge Rhoades. Accordingly, the reimbursement of the required reopening fee, along with reimbursement of the applicable fee for filing the adversary proceeding, is appropriate.

**Conclusion**

Accordingly, upon due consideration of the pleadings, the proper summary judgment evidence submitted by the parties, the material facts admitted to exist under Fed. R. Bankr. P. 56 and E.D. TEX. LOCAL R. CV–56(c), the relevant legal authorities and for the reasons set forth herein, the Court concludes that there is no genuine issue as to any material fact and that the Plaintiff, Dianna Tackett, formerly Dianna McCracken, is entitled to summary judgment that the debt owed to her by the Debtor-Defendant, David Wayne McCracken, under the 2006 SAPCR Order in the aggregate amount of $24,830.00, plus accumulated interest, should be declared nondischargeable pursuant to 11 U.S.C. §523(a)(5).  Aggregate court costs in the amount of $610.00 shall also be awarded to the Plaintiff and assessed against the Debtor-Defendant.  However, the Court shall deny the Plaintiff's request for the recovery of attorney's fees incurred in prosecuting the present adversary proceeding.  An appropriate order and a judgment will be entered which are consistent with this opinion.

Signed on 03/24/2015

THE HONORABLE BILL PARKER
UNITED STATES BANKRUPTCY JUDGE